STATE OF NORTH CAROLINA v. CLIFTON HAROLD PEARSON, JR.

No. 165PA97

(Filed 8 May 1998)

**1. Searches and Seizures § 81 (NCI4th)— traffic stop—consent to search car—driver frisked as standard procedure—not justified**

The circumstances did not justify a nonconsensual search of defendant's person where defendant was stopped for his driving, he was issued a warning ticket and consented to a search of his car, he was frisked by one officer while another searched the car, and cocaine was found on his person. Defendant was stopped at 3:00 p.m. on an interstate highway and had a slight odor of alcohol but not enough to be charged with driving while impaired, which should not give rise to a reasonable suspicion of criminal activity; the nervousness about which a trooper testified is not significant because many people become nervous when stopped by a state trooper; the variance in the statements of the defendant and his fiancée about where they had been the night before did not show criminal activity; the officers testified defendant was frisked because it was standard procedure to do so when a vehicle was searched; the officers had never before encountered defendant and were not aware of any criminal record or investigation for drugs pertaining to him; defendant was polite and cooperative; the bundle in his pants was not obvious and was not noticed by either officer; and defendant had been in the presence of the trooper for over ten minutes, including being left alone in the patrol car while the trooper talked to defendant's fiancée, without making any movement or statement to indicate that he had a weapon.

2. **Searches and Seizures § 61 (NCI4th)— traffic stop—consent to search vehicle—defendant told his person would be searched—acquiescence not consent**

The conclusion of a superior court judge that a defendant in a cocaine possession and trafficking prosecution had consented to a search of his person was erroneous where defendant was stopped in mid-afternoon for his driving; he was polite and cooperative; the officer detected alcohol but not enough to charge him with driving while impaired; defendant was in the officer's presence for about ten minutes before the search and was left alone in the patrol car at one point; defendant had made no movement or statement to indicate that he had a weapon; the trooper asked defendant for permission to search defendant's car and defendant signed a consent form; another trooper arrived and was asked by the first to frisk defendant while defendant's car was searched; both troopers testified that standard procedure requires frisking every individual whose car is searched; the second trooper told defendant that he was going to search him and requested that defendant place his hands on the back of the patrol car; and cocaine was found on defendant's person. The consent signed by defendant applied only to the vehicle and cannot be broadened to include his person and the acquiescence of the defendant when the officer told him he would frisk him was not a consent, considering all of the circumstances. There must be a clear and unequivocal consent before a defendant can waive his constitutional rights.

On discretionary review pursuant to N.C.G.S. § 7A-31 and on appeal of right of a constitutional question pursuant to N.C.G.S. § 7A-30(1) to review a unanimous decision of the Court of Appeals, 125 N.C. App. 676, 482 S.E.2d 16 (1997), affirming the denial of the defendant's motion to suppress evidence by Cornelius, J., on 12 October 1995 in Superior Court, Guilford County. Heard in the Supreme Court 13 October 1997.

On 19 June 1995, defendant was indicted for trafficking in cocaine by transporting more than 28 grams but less than 200 grams, trafficking in cocaine by possession of more than 28 grams but less than 200 grams, possession with intent to sell and deliver a controlled substance, and felonious possession of a controlled substance. The defendant moved to suppress the evidence found as a result of the search of his person. On 12 October 1995, the defendant's motion was heard in the superior court.

**STATE v. PEARSON**

[348 N.C. 272 (1998)]

The testimony at the hearing tended to show the following: On 12 October 1994, at approximately 3:00 p.m., the defendant was driving south on Interstate 85 in Guilford County. His fiancée was a passenger in his car. State Trooper Timmy Lee Cardwell was also traveling south on Interstate 85 that afternoon. Trooper Cardwell noticed that the defendant's car drifted back and forth in its lane and that the defendant was driving below the posted speed limit. Trooper Cardwell stopped the defendant.

The defendant produced a valid driver's license and registration. Trooper Cardwell then asked the defendant to sit in the patrol car. While in the patrol car, Trooper Cardwell detected a slight odor of alcohol on the defendant. He also said that he observed that the defendant was nervous and had a rapid heart rate. However, the trooper determined that the defendant was tired, not impaired from alcohol. The defendant told Trooper Cardwell that he had had little sleep the previous night. He said that he and his fiancée had left the Charlotte area the day before and spent the night at his parents' home near the Virginia state line.

Trooper Cardwell next spoke with the defendant's fiancée in the defendant's car while the defendant remained seated in the patrol car. She said that the couple had spent the previous night in New York visiting the defendant's parents. On each trip to and from the defendant's car, Trooper Cardwell looked into the car for drugs or weapons. He saw nothing suspicious.

Trooper Cardwell returned to his patrol car and asked the defendant for permission to search his car. The defendant consented and signed a consent form. Trooper Cardwell then issued the defendant a warning ticket for his driving and called for assistance. At this point, the defendant had been stopped for approximately ten minutes.

Trooper William Joseph Gray responded to Trooper Cardwell's request for assistance. When Trooper Gray arrived at the scene, Trooper Cardwell asked Trooper Gray to frisk the defendant while Trooper Cardwell searched the defendant's car. Both troopers testified that standard procedure requires the frisking of every person whose car is searched.

Trooper Gray informed the defendant that he was going to search him and requested that the defendant place his hands on the back of Trooper Cardwell's patrol car. The defendant did so. While frisking the defendant, Trooper Gray discovered a large, hard object in defendant's crotch area. The object was removed from the defend-

ant's person and was discovered to be small bags of cocaine and marijuana taped together with fabric softener strips.

The superior court found facts consistent with the evidence and concluded that the defendant signed the consent to search form freely and voluntarily and did not object to the search of his person or vehicle. The court overruled the defendant's motion to suppress. The defendant subsequently entered pleas of guilty to the two counts of trafficking cocaine. The State dismissed the remaining charges, and the defendant was sentenced to thirty-five to forty-two months' imprisonment. The defendant appealed pursuant to N.C.G.S. § 15A-979(b).

The Court of Appeals affirmed the decision of the superior court. The defendant is before this Court on appeal from a constitutional question; we also allowed discretionary review.

*Michael F. Easley, Attorney General, by John J. Aldridge III, Assistant Attorney General, for the State.*

*Walter L. Jones for the defendant-appellant.*

*American Civil Liberties Union of North Carolina Legal Foundation, by Sandy S. Ma, amicus curiae.*

WEBB, Justice.

[1] The Court of Appeals, in finding the seizure of contraband was proper, did not rely on the order of the superior court, which held the defendant consented to the search. The Court of Appeals held the search and seizure was lawful without a consent. This was error.

When an officer observes conduct which leads him reasonably to believe that criminal conduct may be afoot, he may stop the suspicious person to make reasonable inquiries. If he reasonably believes that the person is armed and dangerous, the officer may frisk the person to discover a weapon or weapons. *Terry v. Ohio*, 392 U.S. 1, 20 L. Ed. 2d 889 (1968); *State v. Butler*, 331 N.C. 227, 415 S.E.2d 719 (1992); *State v. Peck*, 305 N.C. 734, 291 S.E.2d 637 (1982). The State argues and the Court of Appeals held that the evidence that the defendant had an odor of alcohol, acted "nervous and excited," and made statements inconsistent with his fiancée's statement as to their whereabouts the night before supports findings that the two officers had a reasonably articulable suspicion that the defendant may have been armed and dangerous. We disagree.

STATE v. PEARSON

[348 N.C. 272 (1998)]

We cannot hold that the circumstances considered as a whole warrant a reasonable belief that criminal activity was afoot or that the defendant was armed and dangerous. The defendant was stopped at 3:00 p.m. on an interstate highway. Both officers testified that he was polite and cooperative. He had a slight odor of alcohol but not enough to be charged with driving while impaired. This should not give rise to a reasonable suspicion of criminal activity.

The nervousness of the defendant is not significant. Many people become nervous when stopped by a state trooper. The variance in the statements of the defendant and his fiancée did not show that there was criminal activity afoot. The officers testified the defendant was frisked because it was standard procedure to do so when a vehicle is searched.

The officers had never before encountered the defendant. They were not aware of any criminal record or investigation for drugs pertaining to him. The defendant was polite and cooperative. The bundle in his pants was not obvious and was not noticed by either officer.

The defendant had been in the presence of Trooper Cardwell for over ten minutes. Cardwell had placed the defendant in his patrol car without a frisk. He left the defendant alone in the patrol car while he talked to the defendant's fiancée. The defendant had not made any movement or statement which would indicate that he had a weapon.

We hold that the circumstances in the instant case did not justify a nonconsensual search of the defendant's person. We, therefore, reverse the holding of the Court of Appeals as to this issue.

The State relies on *State v. McGirt*, 122 N.C. App. 237, 468 S.E.2d 833 (1996), *aff'd per curiam*, 345 N.C. 624, 481 S.E.2d 288, *cert. denied,* —— U.S. ——, 139 L. Ed. 2d 121 (1997). In *McGirt*, the Court of Appeals held, and we affirmed, that it was lawful for an officer to frisk a person who had been removed from a vehicle when the officer knew that the defendant was a convicted felon who was under investigation for cocaine trafficking and that cocaine dealers normally carry weapons. None of these facts are present here. *McGirt* is not precedent for this case.

The State also relies on *State v. Beveridge*, 112 N.C. App. 688, 436 S.E.2d 912 (1993), *aff'd per curiam*, 336 N.C. 601, 444 S.E.2d 223 (1994). In that case, the Court of Appeals held, and we affirmed, that

**STATE v. PEARSON**

[348 N.C. 272 (1998)]

evidence of cocaine seized in a "pat down" search of the defendant after he had been removed from a vehicle should have been excluded. The defendant in that case appeared to be under the influence of some impairing substance. The basis of the holding in that case was that the search was intrusive. The Court of Appeals said that the officer was justified under *Terry* in frisking the defendant but that when the "pat down" did not reveal a weapon, the search should have been stopped. If the search was too intrusive, it was unlawful regardless of *Terry*. The mention of *Terry* in *Beveridge* was not necessary to a resolution of the case. It was dictum. *Beveridge* is not precedent for this case.

**[2]** The Court of Appeals decided the case on the ground that there was a proper protective search, and did not reach the question of whether there was a consent to the search. This was the ground upon which the superior court decided the case.

The superior court relied on the consent to search the vehicle signed by the defendant and the fact that he did not object when he was searched to conclude the defendant consented to the search. This was error. The consent signed by the defendant applied only to the vehicle. We cannot broaden the consent to include the defendant's person. N.C.G.S. § 15A-223(a) (1997). We also cannot hold that the acquiescence of the defendant when the officer told him he would frisk him was a consent, considering all the circumstances. There must be a clear and unequivocal consent before a defendant can waive his constitutional rights. *State v. Little*, 270 N.C. 234, 239, 154 S.E.2d 61, 65 (1967).

Because we have held that the search of the defendant was unlawful, we reverse the decision of the Court of Appeals and remand for further remand to the Superior Court, Guilford County, to vacate the defendant's plea of guilty.

REVERSED AND REMANDED.