STATE OF NORTH CAROLINA v. TIMOTHY MITCHELL PARKER

No. COA06-679

(Filed 1 May 2007)

**1. Search and Seizure— automobile—visual observation—
not a search**

A detective's visual observation of defendant's movements in
an automobile was not a search for Fourth Amendment pur-
poses. A person traveling in an automobile on public thorough-
fares has no reasonable expectation of privacy in his movements
from one place to another.

**2. Search and Seizure— automobile stop—speeding**

A detective did not violate the Fourth Amendment by stop-
ping defendant's car when he had seen defendant speeding and
had probable cause for a traffic infraction. It is irrelevant that he
was following defendant because he had received a complaint
that defendant was trafficking in methamphetamine, or that
defendant was not issued a speeding citation.

**3. Search and Seizure— vehicle frisk—presence of firearms—
search of drawstring bag**

A detective had the knowledge necessary for a vehicle frisk
of defendant's car where defendant approached the detective's
car after being stopped for speeding, disobeyed the detective's
order to return to his own car, and told the detective that there
was a firearm in the car. Furthermore, the frisk was brief and
tailored to the officer's personal safety, and the evidence con-

1

cerning the presence of firearms supported the officer's search of a drawstring bag in which narcotics and paraphernalia were found.

**4. Search and Seizure— purse in automobile—drugs already discovered nearby**

A detective's request to search the purse of the passenger in a stopped car was based on a reasonable articulable suspicion that he would find contraband where he had just discovered methamphetamine and a smoking device close to where the passenger had been sitting. His request did not exceed the scope of the traffic stop, and continuation of the detention to complete the stop did not violate the Fourth Amendment.

**5. Search and Seizure— search of car and locked briefcase— probable cause—drugs and firearms already seized**

A detective had probable cause to support the search of a car stopped for speeding, including defendant's locked briefcase, where the detective had already seized drugs, drug paraphernalia, and firearms from the car, defendant had approached the detective's car after being stopped, and had refused to comply with instructions during the stop.

Appeal by defendant from judgment entered on or about 30 January 2006 by Judge A. Moses Massey in Superior Court, Surry County. Heard in the Court of Appeals 5 February 2007.

*Attorney General Roy Cooper, III by Assistant Attorney General John P. Scherer II for the State.*

*Hartsell & Williams, P.A. by Christy E. Wilhelm for defendant-appellant.*

STROUD, Judge.

Defendant appeals from the judgment entered following his entry of guilty pleas to six felony drug offenses and to carrying a concealed weapon. The dispositive question before this Court is whether the trial court erred by denying defendant's motion to suppress evidence seized by a law enforcement officer during a search of defendant's car at a traffic stop. We conclude that the law enforcement officer conducted a valid traffic stop based on probable cause to believe defendant committed a traffic infraction. We further conclude that the law enforcement officer properly seized a shotgun, pistol, drugs, and drug

STATE v. PARKER

[183 N.C. App. 1 (2007)]

paraphernalia during a valid "weapons frisk" of defendant's car, which was based on a reasonable belief that defendant was dangerous and that the car contained a firearm; and that the officer properly seized drug paraphernalia after conducting a valid consent search of a passenger's purse. Based upon the evidence seized during the "weapons frisk" and consent search, we hold that the law enforcement officer had probable cause to search defendant's car, including the interior of a locked briefcase found therein, for additional drugs and drug paraphernalia. Because we have determined that the officer possessed probable cause to search defendant's briefcase, we do not reach the additional question of whether the officer conducted a valid consent search of the briefcase. For these reasons, we affirm the trial court order denying defendant's motion to suppress evidence seized from his car and briefcase.

## I. Background

On 6 June 2005, the Surry County Grand Jury indicted defendant for manufacturing cocaine, maintaining a vehicle used for keeping and selling a controlled substance, possession of cocaine with intent to sell or distribute, carrying a concealed weapon, and three counts of trafficking in methamphetamine. Surry County Sheriff's Department Detective Matt Darisse seized evidence supporting these charges from the passenger compartment of defendant's car and from a briefcase found therein during a traffic stop. The seized evidence included a shotgun, pistol, substances that Detective Darisse believed to be methamphetamine, and paraphernalia used for distribution of controlled substances, specifically small plastic storage bags, vials, and scales. On 10 November 2005, defendant filed a motion to suppress all evidence seized from his car. Defendant's motion was heard at the 5 December 2005 Criminal Session of Superior Court, Surry County, with Judge A. Moses Massey presiding.

At a hearing to resolve a defendant's motion to suppress, the State carries the burden to prove by a preponderance of the evidence that the challenged evidence is admissible. *State v. Breeden*, 306 N.C. 533, 538-39, 293 S.E.2d 788, 791-92 (1982); *State v. Johnson*, 304 N.C. 680, 686, 285 S.E.2d 792, 796 (1982). Here, the State called Detective Darisse to testify in opposition to defendant's motion. On direct examination Detective Darisse explained that he stopped defendant on Highway 268 after observing defendant drive approximately sixty miles per hour in a forty-five mile per hour speed zone, and observing defendant pass another vehicle at approximately eighty miles per hour in a fifty-five mile per hour speed zone. At

that time, Detective Darisse was conducting surveillance of defendant in response to a complaint from a "concerned citizen" that defendant was trafficking methamphetamine.

When Detective Darisse stopped defendant, defendant stepped out of the car and approached Detective Darisse's vehicle. Defendant told Detective Darisse that he knew he was speeding and that he was trying to outrun Detective Darisse's headlights. Detective Darisse ordered defendant to return to his car, but defendant would not do so.

Thereafter, Detective Darisse secured defendant in the backseat of defendant's own vehicle, which was a hatchback Camaro. Two passengers, Sandra Fletcher and Travis Fletcher, were also seated in the car. While seated in the backseat, defendant told Detective Darisse that there was a gun in the car.

Detective Darisse opened the door to the front passenger seat where Sandra Fletcher was sitting and discovered a Mossberg 12-gauge shotgun located between the seat and the door. He assisted Sandra Fletcher, who had difficulty standing, out of the passenger seat and sat her down on the ground in front of defendant's car. As Sandra Fletcher stood up to exit the car, Detective Darisse observed a piece of newspaper fall to the ground and he made a mental note of its location. Then Detective Darisse removed Travis Fletcher from the car and secured him as well.

Detective Darisse next conducted a "weapons frisk" of defendant's car "for officer safety, to make sure there were no other weapons in the vehicle." During the "weapons frisk," Detective Darisse examined the newspaper and found that it was covering a drawstring bag. Inside the bag, Detective Darisse found a substance that he believed to be methamphetamine and a "smoking device." Detective Darisse also found a pistol under the front passenger seat. Defendant told Detective Darisse "that he was looking for that pistol, and he was . . . glad [Detective Darisse] found it for him."

Thereafter, Sandra Fletcher consented to a search of her purse, which Detective Darisse had observed in defendant's car. Inside the purse, Detective Darisse discovered a straw containing white powder residue that he believed to be "[d]rug paraphernalia used to ingest an illegal controlled substance."

Finally, Detective Darisse testified that he believed he would "find more drugs in the vehicle." Detective Darisse searched the car's interior and found a briefcase in the hatchback portion of defendant's

STATE v. PARKER

[183 N.C. App. 1 (2007)]

Camaro. Defendant stated that the briefcase belonged to him and that it held his pencils and other work-related items. Detective Darisse testified that defendant volunteered consent to search the briefcase saying, "Go ahead and search it." Defendant then gave Detective Darisse a combination to open the briefcase.

When the combination did not unlock the briefcase, Detective Darisse's partner, Detective Sardler, took the briefcase into the Sheriff's vehicle and pried it open with a screwdriver. Inside, the detectives discovered a plastic cylinder containing a bag of a substance Detective Darisse believed to be methamphetamine. The briefcase also contained several additional small plastic storage bags and vials of the substance, as well as a set of scales.

On cross-examination, Detective Darisse testified that he followed defendant's car for approximately ten minutes before stopping defendant. During this time, the blue lights of Detective Darisse's Sheriff's vehicle were turned off. Detective Darisse also testified that he was assigned to the narcotics section of the Surry County Sheriff's Department and that the primary reason he followed defendant was that he had received a complaint that defendant was trafficking methamphetamine.

Defendant did not present evidence at the hearing. In support of his motion to suppress, defendant argued that Detective Darisse had conducted illegal surveillance and that Detective Darisse's traffic stop was a pretext to search defendant's car for drugs. In particular, defendant emphasized that Detective Darisse conducted the surveillance in response to the complaint of an unnamed "concerned citizen" and that Detective Darisse did not actually cite defendant for a traffic infraction. Defendant further argued that even if he had committed a traffic infraction, Detective Darisse did not have the right to search his car. The trial court denied defendant's motion to suppress.[1] Shortly thereafter, defendant accepted a plea bargain and

---

1. In its order, the trial court made several findings of fact, but did not designate separate conclusions of law as required by N.C. Gen. Stat. § 15A-977(f). N.C. Gen. Stat. § 15A-977(f) (2005) (When ruling on a defendant's motion to suppress evidence a superior court judge "must set forth in the record his findings of fact and conclusions of law."). The reason for requiring conclusions of law to be stated separately is to "enable appellate courts to determine what law the trial court applied in directing entry of judgment in favor of one of the parties." *Hinson v. Jefferson*, 287 N.C. 422, 429, 215 S.E.2d 102, 107 (1975) (applying North Carolina Rule of Civil Procedure 52(a), noting that the Court could not determine what legal theory the trial court based its decision in denying plaintiff relief, and assuming that the trial court simply did not agree with any of the plaintiff's legal theories). Here, the trial court order's disposition paragraph pro-

leaded guilty to manufacturing cocaine, maintaining a vehicle used for keeping and selling a controlled substance, possession of cocaine with intent to sell or distribute, carrying a concealed weapon, and three counts of trafficking in methamphetamine. In the written transcript of plea, defendant expressly reserved the right to appeal the trial court's denial of his motion to suppress as a condition of the plea. Pursuant to additional terms of defendant's conditional plea, the trial court consolidated the three charges of trafficking in methamphetamine and also consolidated the remaining charges for sentencing.

Defendant appeals from the trial court order denying his motion to suppress. In so doing, defendant reiterates the arguments raised during the suppression hearing and further argues that Detective Darisse's search of the briefcase exceeded the scope of defendant's consent. Notwithstanding defendant's guilty plea, defendant preserved his right to appeal from the trial court's denial of the motion to suppress by expressly communicating his intent to appeal the denial to the trial court at the time he pleaded guilty and by including the conditional nature of his plea in the written transcript of plea. N.C. Gen. Stat. § 15A-979(b) (2005) ("An order finally denying a motion to suppress evidence may be reviewed upon an appeal from a judgment of conviction, including a judgment entered upon a plea of guilty."); *see State v. Brown*, 142 N.C. App. 491, 492, 543 S.E.2d 192, 193 (2001) (dismissing the defendant's appeal from the trial court's denial of his motion to suppress because the defendant did not notify the court of his intent to appeal at the time he entered a guilty plea); *State v. McBride*, 120 N.C. App. 623, 625, 463 S.E.2d 403, 404 (1995) (explaining that under N.C. Gen. Stat. § 15A-979(b), "a defendant bears the burden of notifying the state and the trial court during plea negotiations of the intention to appeal the denial of a motion to suppress, or the right to do so is waived after a plea of guilty"), *aff'd*, 344 N.C. 623, 476 S.E.2d 106 (1996).

---

vides, "Based on the above Finding of Fact, the Court denies the Defendant's motion to suppress the evidence found as a result of a consentual [sic] search of said vehicle and the briefcase located therein." Implicit in this decree is the trial court's conclusion that Detective Darisse conducted a valid consent search of defendant's briefcase. The State did not present any evidence to show that defendant consented to search of his car in its entirety; however, Detective Darisse's warrantless evidentiary search of defendant's car (during which Detective Darisse discovered the briefcase) is valid if supported by probable cause. *California v. Acevedo*, 500 U.S. 565, 580, 114 L. E. 2d 619, 634 (1991) ("The police may search an automobile and the containers within it where they have probable cause to believe contraband or evidence is contained.").

## II. Standard of Review

When evaluating a trial court's ruling on a motion to suppress, the standard of review is whether the court's findings of fact are supported by competent evidence and whether those findings of fact support the trial court's conclusions of law. *State v. Downing*, 169 N.C. App. 790, 793, 613 S.E.2d 35, 38 (2005). Findings of fact that are supported by competent evidence are conclusive on appeal, *State v. Wilson*, 155 N.C. App. 89, 93-94, 574 S.E.2d 93, 97 (2002), *cert. denied*, 540 U.S. 843, 157 L. Ed. 2d 78 (2003), and conclusions of law " 'must be legally correct, reflecting a correct application of applicable legal principles to the facts found,' " *State v. Barden*, 356 N.C. 316, 332, 572 S.E.2d 108, 120-21 (2002) (reviewing the trial court's denial of a defendant's motion to suppress) ((quoting *State v. Eason*, 336 N.C. 730, 745, 445 S.E.2d 917, 926 (1994), *cert. denied*, 513 U.S. 1096, 130 L. Ed. 2d 661 (1995)), *cert. denied*, 538 U.S. 1040, 155 L. Ed. 2d 1074 (2003). However, a trial court's conclusion that a police officer had either probable cause or reasonable suspicion to detain or search a defendant is reviewable *de novo*, *State v. Baublitz*, 172 N.C. App. 801, 806, 616 S.E.2d 615, 619 (2005). *See also State v. Young*, 148 N.C. App. 462, 466, 559 S.E.2d 814, 818, *appeal dismissed*, 355 N.C. 500, 565 S.E.2d 233 (2002).

## III. Search and Seizure

### A. Surveillance

Government surveillance of an individual in a location where the individual possesses "a subjective expectation of privacy that society recognizes as reasonable" is a "search" within the meaning of the Fourth Amendment. *Kyllo v. United States*, 533 U.S. 27, 33, 150 L. Ed. 2d 94, 101 (2001). Because "a person traveling in an automobile on public thoroughfares has no reasonable expectation of privacy in his movements from one place to another," a law enforcement officer's observation of that person's movements on a public road is not a "search" for purposes of the Fourth Amendment. *United States v. Knotts*, 460 U.S. 276, 281, 75 L. Ed. 2d 55, 62 (1983).

### B. Traffic Stops

A law enforcement officer may stop a motorist when the officer has "probable cause" to believe that the motorist has committed a readily observed traffic infraction. *Whren v. United States*, 517 U.S. 806, 819, 135 L. Ed. 2d 89, 101 (1996); *see also State v. Wilson*, 155 N.C. App. 89, 94-95, 574 S.E.2d 93, 97-98 (2002) (recognizing a dis-

tinction between an investigative "Terry" stop supported by reasonable articulable suspicion of criminal wrongdoing and a traffic stop supported by probable cause to believe the driver has committed a readily observable traffic violation). " 'Probable cause is "a suspicion produced by such facts as indicate a fair probability that the person seized has engaged in or is engaged in criminal activity." ' " *Wilson*, 155 N.C. App. at 94, 574 S.E.2d at 97-98 (quoting *State v. Young*, 148 N.C. App. 462, 471, 559 S.E.2d 814, 818, *appeal dismissed and disc. review denied*, 355 N.C. 500, 564 S.E.2d 233 (2002)). In determining whether a law enforcement officer has acted upon probable cause, the trial court may consider the officer's opinion (formed after observing the motorist driving) that a motorist exceeded the speed limit. *State v. Barnhill*, 166 N.C. App. 228, 233, 601 S.E.2d 215, 218 (2004) (concluding that the officer's estimate of the defendant's speed, based upon personal observation, supplied probable cause to justify a traffic stop), *appeal dismissed and disc. review denied*, 359 N.C. 191, 607 S.E.2d 646 (2004).

A law enforcement officer's subjective motivation for stopping a motorist is irrelevant to the validity of a traffic stop if the stop is supported by probable cause. *Whren*, 517 U.S. 806, 135 L. Ed. 2d 89; *accord State v. McClendon*, 350 N.C. 630, 635-36, 517 S.E.2d 128, 132 (1999) (adopting *Whren* under the North Carolina State Constitution). The fact that an officer conducting a traffic stop did not subsequently issue a citation is also irrelevant to the validity of the stop if objective circumstances surrounding the stop indicate that the defendant committed a readily observed traffic infraction. *Baublitz*, 172 N.C. App. at 806, 616 S.E.2d at 619-20 (concluding that an officer's "objective observation" that a defendant's vehicle crossed the center line of a highway twice, provided the officer with probable cause to stop the defendant for a traffic violation regardless of the officer's subjective motivation for making the stop and that the officer's failure to issue a traffic ticket to the defendant after arresting him for possession of cocaine was irrelevant). *But see State v. Villeda*, 165 N.C. App. 431, 438-39, 599 S.E.2d 62, 67 (2004) (concluding that a law enforcement officer did not have probable cause to stop a defendant for a seat belt violation because the evidence indicated that the officer could not see inside vehicles driving in front of him at night on the stretch of road on which the defendant was stopped).

C. Vehicle Frisk

When the law enforcement officer conducting a traffic stop reasonably believes that an occupant of the car is dangerous and may

gain immediate control of a weapon, the officer may conduct a protective search of areas inside the passenger compartment of the vehicle where a weapon may be located. *Michigan v. Long*, 463 U.S. 1032, 1049-50, 77 L. Ed. 2d 1201, 1219-20 (1983). This brief search is known as a "vehicle frisk," and its purpose is to ensure officer safety. *Id.* at 1050, n.14, 77 L. Ed. 2d at 20, n.14. The scope of a valid "vehicle frisk" does not extend to searching for evidence. *Id.* at 1049, 77 L. Ed. 2d at 1220 (explaining that a protective search of an automobile must be "limited to those areas in which a weapon may be placed or hidden" but that the searching officer is not required to ignore contraband that he discovers in carrying out the protective search).

## D. Consent Search

During a valid traffic stop, a law enforcement officer may search areas of the detained vehicle or items contained therein with the owner's consent. *Schneckloth v. Bustamonte*, 412 U.S. 218, 219, 36 L. Ed. 2d 854, 858 (1973); *State v. Pearson*, 348 N.C. 272, 277, 498 S.E.2d 599, 601 (1998) (The scope of a consent search is limited to the places the defendant agrees may be searched; thus, consent to search a vehicle did not support an officer's search of the defendant's person). If the officer's request for consent to search is unrelated to the initial purpose for the stop, then the request must be supported by reasonable articulable suspicion of additional criminal activity. *McClendon*, 350 N.C. at 636, 517 S.E.2d at 132 ("In order to further detain a person after lawfully stopping him, an officer must have reasonable suspicion, based on specific and articulable facts, that criminal activity is afoot."); *State v. Hernandez*, 170 N.C. App. 299, 308, 612 S.E.2d 420, 426 (2005) ("To expand the scope of a lawful detention, an officer must have reasonable suspicion, based on specific and articulable facts, that criminal activity is afoot."). Without additional reasonable articulable suspicion of additional criminal activity, the officer's request for consent exceeds the scope of the traffic stop and the prolonged detention violates the Fourth Amendment. *Florida v. Royer*, 460 U.S. 491, 500, 75 L. Ed. 2d 229, 238 (1983). ("The scope of the detention must be carefully tailored to its underlying justification."); *State v. Jolley*, 68 N.C. App. 33, 38, 314 S.E.2d 134, 137 ("When the State relies upon consent as a basis for a warrantless search, the police have no more authority than they have been given by the consent."), *rev'd on other grounds*, 312 N.C. 296, 321 S.E.2d 883 (1984), *cert. denied*, 470 U.S. 1051, 84 L. Ed. 2d 816 (1985).

E. Automobile Exception

When a law enforcement officer stops a motorist based on probable cause to believe the motorist has committed a traffic infraction, the detention may last only as long as necessary to effectuate the purpose of investigating that infraction. N.C. Gen. Stat. § 15A-1113(b) (2005) ("A law enforcement officer who has probable cause to believe a person has committed an infraction may detain the person for a reasonable period in order to issue and serve him a citation."); McClendon, 350 N.C. at, 636, 517 S.E.2d at 132. However, during investigation of the traffic infraction or a valid "weapons frisk" or consent search conducted in conjunction therewith, the officer may observe facts sufficient to establish probable cause to believe the car contains evidence of a separate crime.

If a law enforcement officer has probable cause to believe that the vehicle contains evidence of a crime, the officer may conduct an immediate warrantless evidentiary search of the vehicle, including closed containers found therein. Acevedo, 500 U.S. at 580, 114 L. Ed. 2d at 634 (1991) ("The police may search an automobile and the containers within it where they have probable cause to believe contraband or evidence is contained."); State v. Holmes, 109 N.C. App. 615, 622, 428 S.E.2d 277, 280, disc. review denied, 334 N.C. 166, 432 S.E.2d 367 (1993). This is known as the "automobile exception" to the warrant requirement of the Fourth Amendment. The scope of such an evidentiary search is limited to areas and containers capable of concealing the evidence suspected to be present. Acevedo, 500 U.S. at 580, 114 L. Ed. 2d at 633.

IV. Defendant's Motion to Dismiss

Defendant argues that the trial court erred by denying his motion to suppress all evidence seized by Detective Darisse during the search of his car and briefcase. In support of his argument, defendant contends that Detective Darisse conducted illegal surveillance, that Detective Darisse's traffic stop was a pretext to search defendant's car for drugs, and that even if he committed a traffic infraction, Detective Darisse did not have the right to search his car. Defendant emphasizes that Detective Darisse was conducting surveillance in response to the complaint of an unnamed "concerned citizen" and that Detective Darisse did not actually cite defendant for a traffic infraction. We conclude that Detective Darisse possessed requisite knowledge of objective circumstances sufficient to undertake each act of search or seizure and that Detective Darisse's ultimate search

of defendant's car and briefcase was supported by probable cause. Although defendant further argues that Detectives Darisse and Sardler exceeded the scope of his consent to search the briefcase by opening it with a screwdriver, we do not reach that issue.

A. Surveillance

**[1]** First, Detective Darisse conducted surveillance of defendant while defendant drove his Camaro from his residence on Bledsoe Farm Road to Highway 268. The State presented competent evidence to show that in carrying out the surveillance, Detective Darisse followed defendant's car for approximately ten minutes and visually observed defendant's driving. Because "a person traveling in an automobile on public thoroughfares has no reasonable expectation of privacy in his movements from one place to another," *Knotts*, 460 U.S. at 281, 75 L. Ed. 2d at 62, Detective Darisse's visual observation of defendant's movements on Bledsoe Farm Road and Highway 268 was not a "search" for purposes of the Fourth Amendment.

B. Traffic Stop

**[2]** Second, Detective Darisse stopped defendant's car after observing defendant commit a traffic infraction. The State presented competent evidence to show that Detective Darisse saw defendant drive approximately sixty miles per hour in a forty-five mile per hour speed zone and also saw defendant pass another vehicle at approximately eighty miles per hour in a fifty-five mile per hour speed zone. These speeding violations were readily observable to Detective Darisse and Detective Darisse's estimate of defendant's speed is competent evidence to support a trial court finding that defendant exceeded the speed limit. *Barnhill*, 166 N.C. App. at 233, 601 S.E.2d at 218. Because Detective Darisse acted with "probable cause" to believe that defendant committed a traffic infraction, his initial stop of defendant's car did not violate the Fourth Amendment. It is irrelevant to the validity of the stop that Detective Darisse's primary reason for following defendant was that he had received a complaint that defendant was trafficking methamphetamine, *see Whren*, 517 U.S. 806, 135 L. Ed. 2d 89 and *McClendon*, 350 N.C. at 635-36, 517 S.E.2d at 132, or that Detective Darisse did not subsequently issue defendant a citation for speeding, *Baublitz*, 172 N.C. App. at 806, 616 S.E.2d at 619-20.

C. Vehicle Frisk

**[3]** Third, the State presented competent evidence to show that Detective Darisse conducted a protective search of defendant's car

after defendant approached Detective Darisse's vehicle, disobeyed Detective Darisse's order to return to his own car, and told Detective Darisse that there was a firearm in his car. At the time defendant informed Detective Darisse that there was a firearm in his car, defendant was secured in the backseat of his Camaro and two other passengers were also seated in the car. We conclude that these circumstances were sufficient to create a reasonable belief that defendant was dangerous and had immediate access to a weapon located in the car; thus, Detective Darisse's possessed the requisite knowledge necessary to conduct a vehicle frisk of defendant's Camero. *See Long*, 463 U.S. at 1049-50, 77 L. Ed. 2d at 1219-20.

Further, Detective Darisse's testimony demonstrated that the "weapons frisk" was brief and tailored to the purpose of ensuring his personal safety during the traffic stop. While conducting, the weapons frisk, Detective Darisse discovered a Mossberg 12-gauge shotgun and a pistol. He seized these firearms from areas inside the passenger compartment of the car that were within the reach of defendant and his companions.

During the "weapons frisk," Detective Darisse also seized a substance that he believed to be methamphetamine and a "smoking device." He found this contraband inside a drawstring bag located underneath a piece of newspaper that fell to the ground when he assisted Sandra Fletcher out of the car. The bag was in close proximity to the shotgun, was within reach of defendant and his companions, and was at least large enough to contain methamphetamine and a "smoking device." Detective Darisse's testimony shows that immediately preceding his search of the drawstring bag, defendant told Detective Darisse there was a firearm in the car and Detective Darisse observed a shotgun between Sandra Fletcher's seat and the car door. This was competent evidence to support Detective Darisse's search of the drawstring bag during the "weapons frisk." Correspondingly, the items Detective Darisse seized during the vehicle frisk are contraband and evidence of drug crimes from which Detective Darisse could form probable cause to believe the vehicle contained additional drugs or drug paraphernalia.

D. Consent Search

[4] Fourth, Detective Darisse seized a straw containing white powder residue that he believed to be "paraphernalia used for ingestion of controlled substances" during a consent search of Sandra Fletcher's purse. Although Detective Darisse's request for consent to search

Sandra Fletcher's purse was unrelated to the traffic infraction for which Detective Darisse initially stopped defendant, the request was supported by reasonable articulable suspicion that the purse would contain contraband or evidence of a drug crime. In particular, Detective Darisse had just discovered a substance that he believed to be methamphetamine and a "smoking device" inside a drawstring bag that fell out of the front passenger door of defendant's car where Sandra Fletcher was sitting. Because Detective Darisse's request for consent to search Sandra Fletcher's purse was based on reasonable articulable suspicion that he would find additional contraband therein, his request did not exceed the scope of the traffic stop and continuation of the detention to complete the search did not violate the Fourth Amendment. *See McClendon*, 350 N.C. at 636, 517 S.E.2d at 132; *Hernandez*, 170 N.C. App. at 308, 612 S.E.2d at 426. Again, the items Detective Darisse seized during the consent search of Sandra Fletcher's purse are contraband and evidence of drug crimes from which Detective Darisse could form probable cause to believe the vehicle contained additional drugs or drug paraphernalia.

E.  Automobile Exception

[5]  Finally, Detective Darisse searched the interior of defendant's car for additional evidence of drug crimes, including the interior of a locked briefcase located in the hatchback portion of defendant's Camaro. At the time Detective Darisse conducted this search, he had seized a straw containing white powder reside that Detective Darisee believe to be "paraphernalia used for ingestion of controlled substances" from Sandra Fletcher's purse, a substance that he believed to be methamphetamine and a "smoking device" from a drawstring bag that fell out of defendant's car, and a Mossberg 12-gauge shotgun and a pistol from the passenger compartment of defendant's car. Detective Darisse had also observed defendant exit his car and approach his Sheriff's vehicle and was compelled to secure defendant in the backseat of defendant's own vehicle because defendant refused to comply with his instructions during the stop. We conclude that these objective circumstances, taken together, created probable cause to support Detective Darisse's search of defendant's car for contraband and other evidence of drug crimes.

Because Detective Darisse had probable cause to believe defendant's car contained contraband or other evidence of drug crimes, Detective Darisse could properly conduct an immediate warrantless search of areas inside the car capable of concealing those items, including locked containers contained therein. *Acevedo*, 500 U.S.

**STATE v. PARKER**

[183 N.C. App. 1 (2007)]

at 580, 114 L.E.2d at 634; *Holmes*, 109 N.C. App. at 622, 428 S.E.2d at 280.

We recognize that the trial court concluded defendant consented to a search of his briefcase; however, consent is unnecessary to support a warrantless search undertaken pursuant to the "automobile exception" to the Fourth Amendment. Because we conclude that Detective Darisse had probable cause to search defendant's car and briefcase for evidence of drug crimes, we do not reach defendant's argument that Detectives Darisse and Sardler exceeded the scope of his consent by opening the briefcase with a screwdriver.

## V. Conclusion

For the reasons stated above, we conclude that Detective Darisse conducted a valid traffic stop based on probable cause to believe defendant committed a traffic infraction. We further conclude that Detective Darisse properly seized a shotgun, pistol, drugs, and drug paraphernalia during a valid "weapons frisk" of defendant's car, which was based on a reasonable belief that defendant was dangerous and that the car contained a firearm; and that Detective Darisse properly seized drug paraphernalia after conducting a valid consent search of a Sandra Fletcher's purse. Based upon the evidence seized during the "weapons frisk" and consent search, we hold that Detective Darisse had probable cause to search defendant's car, including the interior of a locked briefcase found therein, for additional drugs and drug paraphernalia. For these reasons, we affirm the trial court order denying defendant's motion to suppress evidence seized from his car and briefcase.

AFFIRMED.

Chief Judge MARTIN and Judge HUNTER concur.