STATE OF NORTH CAROLINA Plaintiff,
v.
JOEL SALAZAR ALVARDO, Defendant.
No. COA07-105
Court of Appeals of North Carolina.
Filed November 20, 2007
This case not for publication
Attorney General Roy A. Cooper, III, by Special Deputy Attorney General John J. Aldridge, III, for the State.
James N. Freeman, Jr., for defendant-appellant.
STROUD, Judge.
Defendant appeals from the judgment entered following his entry of guilty pleas to four felony drug offenses and one misdemeanor. In his guilty plea, defendant preserved the right to appeal the order entered by Judge Narley L. Cashwell denying his motion to suppress evidence seized during a search of the vehicle in which he was a passenger, and it is that order which is the sole subject of our review.
Defendant contends that the trial court erred when it denied his motion to suppress. He argues that the motion to suppress should have been granted because his Fourth Amendment rights were violated by: (1) the initial stop and search of the vehicle in which he was traveling, and (2) the search of his personal luggage which was inside the vehicle. We conclude that defendant lacked standing to assert his Fourth Amendment rights in regard to the stop and search of the vehicle. We further conclude that law enforcement had probable cause to search his luggage. Accordingly, the trial court's denial of his motion to suppress is affirmed.

II. Background
On 1 August 2004, defendant and his alleged co-conspirator, Benjamin Antonio Valdovinos[1] chartered a flight from Riverside, California to Burlington, North Carolina. They traveled from the airport to a nearby hotel in a van which was owned by the charter company and driven by the pilot of the charter plane. En route to the hotel, the van in which they were traveling was stopped for a traffic violation. During the traffic stop, the van driver consented to a search of the van and for a drug dog to enter the van. When the drug dog alerted on a suitcase in the back of the van, Deputy Crain of the Alamance County Sheriff's Department opened and searched the suitcase. He discovered fifty one-kilogram packages of cocaine inside the suitcase.
Defendant was indicted by the Alamance County Grand Jury on 16 August 2004 for: (1) possession of fifty kilograms of cocaine with intent to manufacture, sell and deliver, (2) two counts of trafficking in cocaine, (3) conspiring to traffic in cocaine, and (4) possession of drug paraphernalia. A superseding indictment was issued on 27 June 2005, charging defendant with: (1) possession with intent to sell and/or deliver cocaine, (2) trafficking by transporting cocaine, (3) trafficking by possessing cocaine, (4) conspiring to traffic in cocaine, and (5) possession of drug paraphernalia. On or about 3 March 2006, defendant filed a motion to suppress all evidence seized as a result of the traffic stop and resulting search of the suitcase. Defendant's motion was heard at the 6 March 2006 Criminal Session of Superior Court, Alamance County, with Judge Narley L. Cashwell presiding. The motion to suppress was denied by order filed on or about 21 June 2006. Defendant pled guilty on 26 July 2006, reserving his right to appeal the denial of his motion to suppress pursuant to N.C. Gen. Stat. § 15A-979.[2] Defendant requests review of the order denying his motion to suppress upon the appeal of the judgment of conviction.

II. Traffic Stop

A. Standard of Review
In any case or controversy before the North Carolina courts, subject matter jurisdiction exists only if a plaintiff has standing. If a court finds at any stage of the proceedings that it lacks jurisdiction over the subject matter of a case, it must dismiss the case for want of jurisdiction.
Sarda v. City/Cty. of Durham Bd. of Adjust., 156 N.C. App. 213, 215, 575 S.E.2d 829, 831 (2003) (internal citations and quotations omitted). Questions of subject matter jurisdiction are reviewed de novo. Harris v. Matthews, 361 N.C. 265, 271, 643 S.E.2d 566, 570 (2007).

B. Analysis
Defendant contends that his Fourth Amendment rights were violated when the vehicle in which he was riding was stopped and searched, and that the trial court therefore erred when it denied his motion to suppress the evidence produced by that search.
A passenger in a vehicle which he does not own, has no possessory interest in, and was not driving at the time of the search has no legitimate expectation of privacy in the vehicle, and therefore has no standing to assert Fourth Amendment rights in the vehicle. State v. Melvin, 53 N.C. App. 421, 424, 281 S.E.2d 97, 100 (1981) (citing Rakas v. Illinois, 439 U.S. 128, 58 L. Ed. 2d 387 (1978)), cert. denied, 305 N.C. 762, 292 S.E.2d 473 (1982). The record contains no evidence that defendant owned, had a possessory interest in or was driving the vehicle which was searched. Accordingly, we must dismiss this assignment of error for lack of standing. Melvin, 53 N.C. App. at 424, 281 S.E.2d at 100.

III. Search of the Suitcase
Defendant next contends that the search of the suitcase by Deputy Crain violated his Fourth Amendment rights.

A. Standard of review
"[A] trial court's conclusion that a police officer had either probable cause[3] or reasonable suspicion to detain or search a defendant is reviewable de novo." State v. Parker, ___ N.C. App. ___, ___, 644 S.E.2d 235, 240 (2007).

B. Analysis
It is elementary that personal luggage is protected by the Fourth Amendment and that a search of such luggage requires a warrant, unless the law allows for a warrantless search. U.S. Const. amend. IV; California v. Acevedo, 500 U.S. 565, 114 L. Ed. 2d 619 (1991). However, "sniffing of the exterior of [luggage] by a well trained and exceptionally skilled drug detection dog [does not] amount to a 'search' within the meaning of the Fourth Amendment." State v. McDaniels, 103 N.C. App. 175, 189, 405 S.E.2d 358, 367 (1991)(citing United States v. Place, 462 U.S. 696, 707, 77 L. Ed. 2d 110, 121 (1983)), aff'd, 331 N.C. 112, 413 S.E.2d 799 (1992). Further, a positive alert for drugs by a specially trained drug dog gives probable cause to search the area or item where the dog alerts. United States v. Jeffus, 22 F.3d 554, 557 (4th Cir. 1994). "If a law enforcement officer has probable cause to believe that the vehicle contains evidence of a crime, the officer may conduct an immediate warrantless evidentiary search of the vehicle, including closed containers found therein." Parker, ___ N.C. App. at ___, 644 S.E.2d at 242.
As we concluded above, defendant had no standing to challenge the entry of the drug dog into a vehicle which he did not own, have a possessory interest in, or drive. Moreover, the driver of the vehicle consented to a search of the vehicle and entry by the drug dog. When the specially trained drug dog alerted on the suitcase, Deputy Crain was given probable cause to search it. Because Deputy Crain had probable cause, the search of the suitcase did not violate defendant's Fourth Amendment rights. Accordingly, this assignment of error is overruled.

IV. Conclusion
We conclude that defendant did not have standing to challenge the search of the vehicle in which he was merely a passenger. Furthermore, we conclude that the search of the suitcase inside the vehicle was conducted with probable cause. Accordingly, we hold that defendant's Fourth Amendment rights were not violated, and the trial court did not err when it denied defendant's motion to suppress. Accordingly, the order denying defendant's motion to suppress is affirmed.
AFFIRMED.
Judges ELMORE and STEELMAN concur.
Report per Rule 30(e).
NOTES
[1] The appeal of Benjamin Antonio Valdovinos, No. COA06-1485, was heard on 24 May 2007, and will be filed simultaneously with this opinion.
[2] "An order finally denying a motion to suppress evidence may be reviewed upon an appeal from a judgment of conviction, including a judgment entered upon a plea of guilty." N.C. Gen. Stat. § 15A-979(b) (2005).
[3] The trial court did not expressly conclude that Deputy Crain had probable cause to search the suitcase, but probable cause is implicit in the trial court's conclusion that none of defendant's constitutional rights were violated by the search of the luggage.