STATE OF NORTH CAROLINA
v.
KELVIN DEON WILSON

No. COA12-641

Filed 15 January 2013

1. **Appeal and Error—notice of appeal—timeliness—between rendition and 14 days from entry**

The State's appeal from the granting of a motion to dismiss misdemeanor driving while impaired was timely where the notice of appeal came between rendition of the judgment and the expiration of 14 days from entry of judgment.

2. **Constitutional Law—compelled blood draw—no finding that statute unconstitutional—statutory criteria for dismissal not applicable—non-use of evidence stipulated**

A trial court order dismissing defendant's driving while impaired (DWI) charge for a compelled blood draw was reversed and remanded because none of the statutory criteria for dismissal applied. The trial court did not find that the misdemeanor DWI statute was unconstitutional as applied to defendant and the alleged constitutional violation did not irreparably prejudice the

preparation of defendant's case. Given the State's stipulation that the blood evidence would not be offered against defendant, the trial court was required to summarily grant defendant's motion to suppress the blood evidence.

Appeal by the State from order entered 18 January 2012 by Judge Joseph E. Turner in Forsyth County Superior Court. Heard in the Court of Appeals 15 November 2012.

*Attorney General Roy Cooper, by Assistant Attorney General Derrick C. Mertz, for the State.*

*Appellate Defender Staples Hughes, by Assistant Appellate Defender Kathleen M. Joyce, for defendant appellee.*

McCULLOUGH, Judge.

The State appeals from an order of the trial court dismissing defendant's charge of misdemeanor driving while impaired under N.C. Gen. Stat. § 15A-954(a)(1) (2011) for constitutional violations involved in the taking of defendant's blood for chemical analysis. Because the trial court erred in interpreting the dismissal statute at issue, and because the State has stipulated that the blood evidence would not be introduced at trial against defendant, we reverse the trial court's order dismissing the charge and remand the case to the trial court for further proceedings consistent with this opinion.

## I. Background

On 13 July 2010, defendant was charged with misdemeanor driving while impaired ("DWI") and driving while license revoked ("DWLR"). Prior to being charged, defendant was arrested by Corporal R. A. Necessary ("Corporal Necessary") of the Winston-Salem Police Department, and Corporal Necessary detained defendant at the local hospital and compelled defendant's blood be drawn for chemical analysis.

On 21 January 2011, pursuant to N.C. Gen. Stat. § 20-38.6 (2011), defendant gave notice to the State of his intention to move the district court to dismiss the DWI charge pursuant to N.C. Gen. Stat. § 15A-954(a)(4). In the alternative, defendant asked the district court to suppress as evidence the results of chemical analysis testing performed on defendant's blood based on constitutional violations involved in Corporal Necessary's compelled blood draw. On 12 August 2011, pursuant to N.C. Gen. Stat. § 20-38.6, the district court

preliminarily indicated its intention to suppress the blood evidence. The State then sought to appeal the district court's indication to suppress the blood evidence to superior court, but the State abandoned its appeal. Accordingly, the blood evidence was suppressed in district court. Defendant was found guilty of the misdemeanor DWI charge, and defendant pled guilty to the DWLR charge in district court.

On 30 September 2011, defendant appealed the DWI conviction to superior court for a trial de novo. Defendant again filed both a motion to dismiss the charge pursuant to N.C. Gen. Stat. § 15A-954(a)(4) and a motion to suppress the blood evidence for constitutional violations. On 3 January 2012, the superior court held a hearing on defendant's motions. At the hearing, the State informed the superior court that it had abandoned its appeal of the district court's order suppressing the blood evidence and contended to both the court and defense counsel that it would not seek to introduce the blood evidence at trial because of its decision not to pursue the appeal from the district court's suppression order. Accordingly, the State argued that defendant's motion to dismiss the charge should be denied and that the evidence should remain suppressed.

Following the hearing, on 5 January 2012, the superior court orally announced its decision to allow defendant's motion to dismiss on constitutional grounds. Thereafter, on 10 January 2012, the State entered written notice of appeal from the trial court's dismissal order announced in open court on 5 January 2012. Subsequently, on 18 January 2012, the trial court entered its written order detailing findings of fact and conclusions of law and dismissing the DWI charge against defendant for constitutional violations. On 26 March 2012, the State again entered written notice of appeal from the trial court's written order entered 18 January 2012.

## II.  Motion to Dismiss for Defective Notice of Appeal

**[1]** Defendant has filed with this Court a motion to dismiss the State's appeal, arguing the State's notice of appeal was untimely, thereby depriving this Court of jurisdiction to hear the appeal. In the present case, the trial court orally announced its order granting defendant's motion to dismiss the DWI charge in open court on 5 January 2012. On 10 January 2012, the State filed written notice of appeal from the trial court's oral order granting defendant's motion to dismiss. Thereafter, on 18 January 2012, the trial court entered a written order granting defendant's motion to dismiss the DWI charge. The State then entered a second written notice of appeal from the trial

court's order on 26 March 2012. Defendant argues that because the State's first written notice of appeal was entered prior to the trial court's issuance of its written order, the notice of appeal was defective. Defendant further contends that the State's second written notice of appeal was entered more than fourteen days after the trial court's entry of its written order of dismissal. Accordingly, defendant argues that the State failed to give timely notice of appeal pursuant to Rule 4 of our Rules of Appellate Procedure.

In support of his argument for dismissal of the State's appeal, defendant relies on this Court's opinion in *State v. Oates*, ___ N.C. App. ___, 715 S.E.2d 616 (2011), in which this Court concluded that a notice of appeal entered by the State seven days after the trial court orally granted the defendant's pretrial motion to suppress in open court but prior to the trial court's entry of a corresponding written order of suppression was untimely. However, on 5 October 2012, our Supreme Court vacated this Court's decision in *Oates*, holding:

> [U]nder Rule 4 of the North Carolina Rules of Appellate Procedure and N.C.G.S. § 15A-1448, the window for the filing of a written notice of appeal in a criminal case opens on the date of *rendition* of the judgment or order and closes fourteen days after *entry* of the judgment or order.

*State v. Oates*, ___ N.C. ___, ___, 732 S.E.2d 571, 572 (2012). In the present case, the State's first written notice of appeal was entered during this window. Accordingly, the State's notice of appeal was timely, and defendant's motion to dismiss must be denied.

### III. Dismissal of Charge

[2] In the present case, the trial court concluded Corporal Necessary's actions in compelling defendant's blood be drawn were unreasonable under the Fourth and Fourteenth Amendments to the United States Constitution and Article I, Sections 18 and 19 of the North Carolina Constitution. The trial court further reasoned that N.C. Gen. Stat. § 20-139.1(d1) (2011), which provided the officer the authority to compel defendant's blood be drawn, was unconstitutional as applied to defendant under the facts and circumstances of this case. Accordingly, the trial court granted defendant's motion to dismiss under N.C. Gen. Stat. § 15A-954(a)(1). The State contends on appeal that the trial court erred in dismissing the DWI charge against defendant as a remedy for the alleged constitutional violations. We agree.

Our Supreme Court has recently instructed that "[a] trial court may grant a defendant's motion to dismiss under N.C.G.S §§ 15A–954 or 15A–1227, or the State may enter 'an oral dismissal in open court' pursuant to N.C.G.S. § 15A–931." *State v. Joe*, ___ N.C. ___, ___, 723 S.E.2d 339, 339-40 (2012). The only one of these three statutes applicable to the circumstances of the present case is N.C. Gen. Stat. § 15A-954, which provides in pertinent part:

> (a) The court on motion of the defendant must dismiss the charges stated in a criminal pleading if it determines that:
>
> > (1) The statute alleged to have been violated is unconstitutional on its face or as applied to the defendant.
> >
> > . . . .
> >
> > (4) The defendant's constitutional rights have been flagrantly violated and there is such irreparable prejudice to the defendant's preparation of his case that there is no remedy but to dismiss the prosecution.

*Id.* § 15A-954(a)(1), (4).

Section one of this statute, under which the trial court granted defendant's motion to dismiss in the present case, plainly concerns the statute under which a defendant is charged. Here, defendant was charged with misdemeanor DWI in violation of N.C. Gen. Stat. § 20-138.1. Accordingly, for the trial court to properly dismiss the charge pursuant to section one, the trial court must find and conclude that the misdemeanor DWI statute is unconstitutional as applied to defend-ant. However, the trial court made no such conclusion in the present case. Rather, the trial court's conclusion centers on N.C. Gen. Stat. § 20-139.1(d1), which the trial court concluded was violated by Corporal Necessary when the officer compelled defendant's blood be drawn in violation of constitutional provisions. The trial court's conclusion, therefore, does not support dismissal under section one of this statute. To the contrary, the trial court's conclusions that the officer's actions violated constitutional provisions expressly address the admissibility of the evidence seized as a result of the alleged unconstitutional State action.

In his motion to dismiss, defendant argued the officer's conduct flagrantly violated his constitutional rights "and there is such

irreparable prejudice to the defendant's preparation of his case that there is no remedy but to dismiss the prosecution." While defendant's motion addresses the alleged flagrant violation of his constitutional rights, his motion in no way details how there was irreparable damage to the preparation of his case as a result. Indeed, the trial court made no such finding or conclusion, and defendant has made no such argument on appeal. Thus, we fail to see how the alleged constitutional violation at issue here irreparably prejudiced the preparation of defendant's case, and section four of the dismissal statute likewise does not apply to the present case.

Accordingly, there are no statutory grounds for dismissing defendant's DWI charge, and the trial court erred in granting defendant's motion to dismiss. Rather, the appropriate argument by defendant was for suppression of the evidence, and the only appropriate action by the trial court under the circumstances of the present case was to consider suppression of the evidence as the proper remedy if a constitutional violation was found. *See State v. Golden*, 96 N.C. App. 249, 252, 385 S.E.2d 346, 348 (1989) (where defense counsel moved to dismiss criminal charges at trial because evidence against defendant was unconstitutionally obtained, defendant was actually challenging the admissibility of evidence on constitutional grounds, and "[t]herefore, pursuant to G.S. sec. 15A–979(d), defendant's exclusive method for doing this was a motion to suppress evidence").

Pursuant to N.C. Gen. Stat. § 15A-979(d) (2011), "[a] motion to suppress evidence made pursuant to this Article is the exclusive method of challenging the admissibility of evidence upon the grounds specified in G.S. 15A-974." *Id.* N.C. Gen. Stat. § 15A-974(a)(1) (2011) specifically requires suppression of evidence if "[i]ts exclusion is required by the Constitution of the United States or the Constitution of the State of North Carolina[.]" *Id.* "At a hearing to resolve a defendant's motion to suppress, the State carries the burden to prove by a preponderance of the evidence that the challenged evidence is admissible." *State v. Parker*, 183 N.C. App. 1, 3, 644 S.E.2d 235, 238 (2007). Moreover, the trial court must summarily grant a motion to suppress evidence if "[t]he State stipulates that the evidence sought to be suppressed will not be offered in evidence in any criminal action or proceeding against the defendant." N.C. Gen. Stat. § 15A-977(b)(2) (2011). Here, the State abandoned its appeal of the district court's suppression of the blood evidence and has maintained to both the superior court below and this Court that it would not introduce the blood evidence at trial in superior court. Given the State's stipulation

that the blood evidence would not be offered in evidence against defendant, the trial court was required to summarily grant defendant's motion to suppress the blood evidence.

We note that the arguments presented in both the State's and defendant's appellate briefs are primarily devoted to the constitutional issue of whether the officer's actions in compelling defendant's blood be drawn were unreasonable under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and Article I, Sections 18 and 19 of the North Carolina Constitution. However, we need not address this issue. "[A]ppellate courts must 'avoid constitutional questions, even if properly presented, where a case may be resolved on other grounds.' " *James v. Bartlett*, 359 N.C. 260, 266, 607 S.E.2d 638, 642 (2005) (quoting *Anderson v. Assimos*, 356 N.C. 415, 416, 572 S.E.2d 101, 102 (2002)). Here, the trial court erred in dismissing the charge against defendant under N.C. Gen. Stat. § 15A-954(a)(1). Having concluded that none of the statutory criteria for dismissal apply to the present case, we must reverse the order of the trial court dismissing defendant's DWI charge. Further, given the State's stipulation that it would not introduce the challenged evidence at trial against defendant, the trial court was required to summarily grant defendant's motion to suppress. Accordingly, we remand to the trial court for further proceedings consistent with this opinion.

Reversed and remanded.

Judges GEER and STEPHENS concur.